IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AKEEM MUHAMMAD,

Plaintiff,

v. CASE NO. 4:15-cv-284-MW-GRJ

JULIE JONES, et al.,

Defendants.

_____________________________/

**REPORT AND RECOMMENDATION**

Pending before the Court are Plaintiff's Second Motion to Remand to State Court, ECF No. 21,[1] Plaintiff's Third Motion to Remand, ECF No. 27, and Plaintiff's Motion for Reconsideration, ECF No. 28.[2] Defendants have responded, ECF No. 36, and therefore, Plaintiff's motions are ripe for review. For the reasons discussed below, it is recommended that Plaintiff's motions be granted.

## I. BACKGROUND

On April 28, 2015, Plaintiff filed a civil rights complaint in the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida. (ECF No. 9-2.)[3] In the

---

[1] Plaintiff's Second Motion to Remand to State Court includes an attached proposed amended complaint. (ECF Nos. 21, 21-1.)

[2] On July 6, 2015, Plaintiff filed his "Objections to Magistrate Judge's 6/19/15 Report and Recommendation," ECF No. 28. The district judge then remanded this case to the undersigned on July 8, 2015, for an omnibus order addressing all motions requesting remand, noting that the undersigned should treat Plaintiff's objections to the Court's Report and Recommendation, ECF No. 28, as a motion for reconsideration. (ECF No. 29.)

[3] Case number 2015-CA-973.

complaint, Plaintiff named ten Defendants, alleging that Defendants violated his rights under the Religious Land Use and Institutionalized Person Act ("RLUIPA"), the Florida Religious Freedom Restoration Act ("FRFRA"), the First Amendment to the United States Constitution, and Article 1, Section 3 of the Florida Constitution. (*Id.* at 22.)

On May 1, 2015, summonses were issued for four of the Defendants: Julie Jones, Alex Taylor, William Smith, and Shane Phillips. (ECF No. 9-1.) Defendants Jones and Taylor were properly served in state court on May 5, 2015, and counsel entered a limited appearance for Defendants Phillips and Smith for the purpose of quashing service. (ECF No. 1 at 1.) On May 12, 2015, summonses were issued for two more Defendants: Marvin Davis and John Palmer. (ECF No. 9-1.) On June 3, 2015, Defendants Jones and Taylor filed a Notice of Removal pursuant to 28 U.S.C. § 1441, in which they consented to removal through counsel. (ECF No. 1 at 1.) Although not necessary because they had not been properly served, Defendants Phillips and Smith also consented to removal through counsel in the same Notice of Removal. (*Id.*) Then, on June 4, 2015, the returns of service for the summonses executed as to Defendants Davis and Palmer were docketed with the state court. It was later discovered that Defendants Davis and Palmer had actually been served on June 1, 2015. (ECF No. 8 at 1.) Thus, Defendants Davis and Palmer had not consented to the removal on June 3, 2015, despite having been served on June 1, 2015, because the service paperwork had not yet been processed through the litigation channels at the Department of Corrections and Risk Management. (*Id.*) On June 9, 2015, counsel for Defendants discovered that Defendants Davis and Palmer had been served, and on June 10, 2015, Defendants Davis and Palmer also consented to the removal of this case to federal court. (*Id.*)

On June 12, 2015, Plaintiff filed a Motion to Remand to State Court Due to Lack of Jurisdiction. (ECF No. 12.) Plaintiff argued that six Defendants had not yet been served and therefore, did not join or consent to the notice of removal. (*Id.* at 2.) The Court entered a Report and Recommendation on June 19, 2015, denying Plaintiff's motion to remand, noting that "Plaintiff has failed to show that there are any properly served Defendants who did not consent to removal . . . ." (ECF No. 18 at 3.)

Also on June 19, 2015, the Court issued an Order to Show Cause as to why this case should not be dismissed pursuant to the three-strikes bar in 28 U.S.C. § 1915(g). (ECF No. 16.) The Court noted that "Plaintiff has filed at least 14 civil rights cases in federal court, with another four cases that were removed from state court to federal court, as well as eight federal appeals, at least five of which qualify as strikes." (*Id.* at 2.) The Court said that because "this case concerns a purported violation of RLUIPA and FRFRA—and there is no suggestion that Plaintiff is subject to imminent physical injury—Plaintiff would not be able to proceed with the case as a three striker under the imminent physical danger exception [in § 1915(g)]." (*Id.*)

On June 25, 2015, before responding to the Court's Order to Show Cause, Plaintiff filed the Second Motion to Remand Action to State Court, which also contained a proposed amended complaint, arguing that his proposed amended complaint did not contain any federal claims. (ECF No. 21.) Plaintiff then also filed the Third Motion to Remand on July 6, 2015, asserting that remand was proper because the Notice of Removal failed to contain a copy of the summons served on Defendants Alex Taylor, Julie Jones, Marvin Davis, or John Palmer and because the Eleventh Amendment bars the Court from hearing the official capacity claims Plaintiff asserted in his amended

complaint. (ECF No. 27 at 1.) Plaintiff also filed the instant Motion for Reconsideration on July 6, 2015, objecting to the Court's Report and Recommendation, asserting that removal was improper. (ECF No. 28.) After filing these motions, on July 20, 2015, Plaintiff finally responded to the Court's Order to Show Cause, arguing, amongst other things, that the Court does not have jurisdiction to dismiss his case because all properly served Defendants failed to consent to the notice of removal, and because § 1915(g) does not apply to state law actions filed in state court that are removed to federal court. (ECF No. 32.)

Defendants responded to Plaintiff's various motions to remand on July 31, 2015. (ECF No. 36.) Defendants assert that removal was not defective because the state court record was filed within the 10-day period provided for in N.D. Fla. Loc. R. 7.2(A). (*Id.* at 2.) Defendants further argue that they do not object to Plaintiff bringing federal claims in this case and acknowledge that if the Court decides to accept Plaintiff's proposed amended complaint abandoning his federal claims, that the Court has discretion to remand, rather than dismiss, the remaining state law claims. (*Id.* at 3.) Defendants also assert that Plaintiff's arguments concerning the Eleventh Amendment fail because Plaintiff cannot obtain damages under the FRFRA, and therefore, the Eleventh Amendment does not bar this Court from hearing Plaintiff's FRFRA claims. (*Id.* at 5–6.)

## II. DISCUSSION

Under Fed. R. Civ. P. 15(a)(1), a plaintiff is permitted to file an amended pleading once as a matter of course. In this case, considering Plaintiff's pleading is one to which a responsive pleading is required and Defendants have not yet filed their

responsive pleadings, Plaintiff is permitted to file his proposed amended complaint, ECF No. 21-1. Accordingly, Plaintiff's Amended Complaint, ECF No. 21-1, becomes the operative complaint in this case, without the need for the Court to grant leave. The amended complaint does not contain any federal claims but only Plaintiff's state law claims. The elimination of the federal claims has significance in determining whether the Court should remand this action to state court.

A district court "has discretion to remand a removed case to state court when all the federal-law claims have dropped out of the action and only the pendent state-law claims remain." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 345 (1988). In determining whether or not to remand, a federal court must weigh the considerations of "economy, convenience, fairness, and comity." *Id.* at 350.

Although the Court fully recognizes that Plaintiff's willingness to abandon his federal claims is an obvious attempt to prevent the Court from addressing whether the complaint is subject to dismissal under the three strikes bar, considering Defendants do not object to the Court remanding the case to state court based on Plaintiff's amended complaint, and because economy, convenience, and comity support remanding the case, the Court recommends that the action should be remanded to state court.

This action is still in its early stages and the Court has not devoted any substantive attention to the issues in the case other than dealing with issues regarding Plaintiff's motions to remand. Thus, remanding this action to state court would not require the state court to expend significant amounts of judicial labor to duplicate efforts already put forth in federal court. *See Lake Country v. NRG/Recovery Group, Inc.*, 144 F. Supp. 2d 1316 at 1320–21 (M.D. Fla. 2001) (determining that remand was proper

because defendant had not yet answered, discovery was still in the early stages, and the district court had not expended significant amounts of judicial labor as would require state court to duplicate efforts).

Principles of comity also weigh in favor of remand. Plaintiff's amended complaint abandons all his previously asserted federal claims. Accordingly, the Court will be called upon to interpret issues of the FRFRA, Florida constitutional law, and state contract law. Determination of the remaining issues will require interpretation of Florida state law, and purely state law claims ought to be litigated by state courts. *See id.* (explaining that comity weighed in favor of remand when the court would have to interpret purely state law issues).

Finally, considering Defendants do not object to the Court remanding the case principles of fairness would also support remanding the case to state court. In *Carnegie-Mellon*, the Supreme Court of the United States discussed issues of fairness in terms of concerns regarding situations where federal claims were eliminated late in a case to secure a different judge, thus constituting forum shopping. 484 U.S. at 357. The fairness concerns presented in *Carnegie-Mellon* are not present here because the case is still in its infancy. While Plaintiff's willingness to abandon his federal claims appears to be a tactic to avoid the potential for dismissal under § 1915(g), this is not sufficient to tip the scale away from remand.[4] No federal claims remain, and principles of economy,

---

[4] Congress added the three strikes provision of the Prison Litigation Reform Act ("PLRA") to curtail abusive prisoner litigation. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

convenience, and comity weigh in favor of remand.[5]

Although the Court recommends that the case be remanded to state court because Plaintiff has abandoned all federal claims, the Court does so in its exercise of discretion, not because removal was improper as Plaintiff contends in his various motions.

Specifically, Plaintiff argues in his Third Motion to Remand, that removal was improper because Defendants Taylor and Jones' Notice of Removal failed to contain a copy of the summons served on Defendants Alex Taylor, Julie Jones, Marvin Davis, and John Palmer pursuant to 28 U.S.C. § 1446(a), and because Plaintiff's complaint asserts official capacity claims for damages based on violations of state law and the Eleventh Amendment bars a federal court from hearing such claims. (ECF No. 27 at 1.) Plaintiff further argues in his motion for reconsideration that removal was improper at the outset because some Defendants had not yet been served in state court, and therefore, did not consent to removal, and because Defendants Davis and Palmer did not properly consent to removal. (ECF No. 28 at 1–2.) While unnecessary to resolution of remand, the Court will nonetheless address each of Plaintiff's other argument in support of remand.

Although § 1446(a) requires a notice of removal to contain a copy of all process, pleadings, and orders served upon the defendants, contrary to Plaintiff's assertion, a *de minimis* procedural defect curable before the expiration of the 30-day removal period

---

[5] However, on remand, any attempt by Plaintiff to interject federal claims back into his complaint would trigger the right of the Defendants to again remove the action to federal court.

does not necessitate remand. *See Countryman v. Farmers Ins. Exch.,* 639 F.3d 1270, 1272 (10th Cir. 2011). While Defendants filed the notice of removal on June 3, 2015, but did not file the state court record until June 10, 2015, any failure to do so constitutes a *de minimis* procedural defect, curable before the expiration of the 30-day removal period. Accordingly, the failure to file with the notice of removal copies of all process, pleadings, and orders served upon the defendants, does not necessitate remand.

Second, Plaintiff misses the mark with his Eleventh Amendment immunity argument. Plaintiff says that the Eleventh Amendment bars a federal court from hearing official capacity claims for damages based on violations of state law. (ECF No. 27 at 1.) While Plaintiff's premise concerning sovereign immunity is generally accurate the Eleventh Amendment does not apply here because it is a defense that may be waived.

The Eleventh Amendment bars a state or one of its agencies from being sued for damages in its official capacity. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984). The Eleventh Amendment, however, is a sovereign immunity defense that a defendant may (but is not required to assert.) *Wisconsin Dept. of Corrs. v. Schacht*, 524 U.S. 381, 389 (1998). Consequently, because the Eleventh Amendment is a defense that the State may waive (if the State fails to raise it) the Eleventh Amendment does not automatically deprive this Court of original jurisdiction. *Id.* As such, although Defendants generally would be entitled to assert an Eleventh Amendment sovereign immunity defense in federal court, the fact that a defendant may do so does not bar a federal court from having jurisdiction over Plaintiff's complaint.

Further, an more notably, in this case Defendants removed the case to federal court and, therefore, waived their Eleventh Amendment immunity by removing the

action. *See Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 624 (2002) ("[w]e conclude that the State's action joining the removal of this case to federal court waived its Eleventh Amendment immunity"). Consequently, the fact that the Eleventh Amendment might be implicated does not require remand as Plaintiff suggests.

Third, Plaintiff's argument that removal was improper because the non-served defendants had not consented to removal, is wholly without merit. Only properly served defendants must consent to removal. *Johnson v. Wellborn*, 418 F. App'x 809, 815 (11th Cir. 2011). "[A] defendant has no obligation to participate in any removal procedure prior to his receipt of formal service of judicial process." *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1208 (11th Cir. 2008). Therefore, although some defendants had not yet been served in state court at the time of removal, they were not required to—nor could they be expected to—consent to the removal.

Finally, with regard to Plaintiff's argument that Defendants Davis and Palmer did not properly consent to removal, the failure to file the consent until shortly after removal does not require remand. Although Defendants Davis and Palmer technically were served two days prior to removal, their proofs of service had not yet been filed with the court before Defendants filed their notice of removal.

The Court acknowledges that there is conflicting authority regarding the extent of a removing defendant's obligation to determine whether other defendants have been served at the time the notice of removal is filed. *AGI Pub., Inc., v. HR Staffing, Inc.*, No. 1:12-cv-00879-AWI-SKO, 2012 WL 3260519, at *4 (E.D. Cal. Aug. 8, 2012).

As explained in *AGI Pub.*,

[t]here is conflicting authority concerning the extent of a removing

> defendant's obligation to ascertain whether non-removing defendants have been served at the time the notice of removal is filed. Some district courts have held that the "due diligence" required by a removing defendant is not satisfied by merely checking if proofs of service have been filed on the state court docket. *See, e.g.*, *Barbera v. WMC Mortg. Corp.*, No. C 08–02677 SBA, 2009 WL 742843, at *2 (N.D. Cal. Mar.18, 2009) ("[T]he obligation to join all defendants is based on whether the defendant actually has been served, not on the subjective knowledge of the removing party."); *Orozco v. Equifirst Corp.*, No. CV 08–8064 PA (CWx), 2008 WL 5412364, at *1 (C.D. Cal. Dec.22, 2008) ("A removing defendant must exercise due diligence to ascertain if other defendants have been served, and simply checking if a proof of service has been filed with the court is insufficient."); *Pianovski v. Laurel Motors, Inc.*, 924 F.Supp. 86, 87 (N.D. Ill.1996) ("A phone call to the Clerk and an instruction to a docketing employee are insufficient to demonstrate diligence. [The removing defendant] should have taken further action to determine whether [the co-defendant] had been served, such as attempting to contact [the co-defendant].")
>
> Other district courts have found to the contrary, holding that defendants exercise reasonable diligence by checking the docket for filed proofs of service prior to filing a removal notice. *See, e.g.*, *Lopez v. BNSF Ry. Co.*, 614 F. Supp. 2d 1084, 1089 (E.D. Cal. 2007) ("Defendants did not have a duty to contact Plaintiffs' counsel to investigate whether the remaining defendants were served."); *Laurie v. Nat'l R.R. Passenger Corp.*, No. Civ.A. 01–6145, 2001 WL 34377958, at *1 (E.D. Pa. Mar.13, 2001) (finding reasonable diligence where defendant repeatedly checked the docket and called clerk's office, and served defendants had not entered appearances or filed answers prior to filing removal notice); *Milstead Supply Co. v. Casualty Ins. Co.*, 797 F. Supp. 569, 573 (W.D. Tex. 1992) (holding that consent is only required from served defendants "whom the removing defendant(s) actually knew or should have known had been served.").

2012 WL 3260519, at *4. After considering the conflicting authority, the *AGI Pub.* court held that reviewing the state-court docket once eight days before filing the removal notice and failing to consult with the state court clerk's office was not an exercise of reasonable diligence to render removal without the consent of all properly served parties valid. *Id.* at *5. The *AGI Pub.* court also noted that in that particular case it was unclear as to whether the state court docket included proofs of service as of the date

the removal notice was filed. *Id.*

Similarly, in *Career Network, Inc. v. Wot Servs., Ltd.*, No. 6:10-cv-1826-Orl-31KRS, 2011 WL 397906, at *2 (M.D. Fla. Feb. 3, 2011), the court considered a situation where a defendant was served almost a month before the removing defendants were served, but the proofs of service were not filed prior to the removal. The court there determined that because the defendant had actually been served prior to removal, his consent to the removal was required. *Id.* Additionally, in *Barbera*, a significant factor the court considered in its determination that the obligation to join is based on whether the defendant had actually been served, not on the subjective knowledge of the removing defendant, was that there was docket evidence that the non-removing defendant had indeed been served because the non-removing defendant had filed a demurrer in state court on the same day that the removing defendant filed its notice of removal. 2009 WL 742843, at *2.

In contrast in *Lopez*, the removing defendant checked the online docket prior to filing their notice of removal on the same day removal was effected and the online docket did not disclose that other defendants had been served. 614 F. Supp. 2d at 1089. The *Lopez* court noted that there was no showing that the clerk's office experienced the type of known delay accounted for in other cases, and therefore held that the defendants exercised the requisite reasonable diligence by checking the docket and relying on its lack of proof of service filings. *Id.*

In comparing the factual scenarios between these cases and the instant case, the Court concludes that the instant case is more like *Lopez* than *AGI Pub.*, *Career Network*, and *Barbera*. Here, Defendants Davis and Palmer were served two days

before the notice of removal was filed but their returns of service were not docketed until the day after the notice of removal had been filed. This is more like *Lopez* because Defendants here had minimal time to investigate and discover—aside from diligently checking the docket—that Defendants Davis and Palmer had in fact been served. This scenario is in contrast to the eight days in *AGI Pub.* and one month in *Career Network* between the dates of actual service and the dates that the notices of removal were filed. Additionally, as in *Lopez*, there is no indication on the record in this case that there was any known delay with the state court's docketing. Even if counsel had called the Clerk's office on the day of removal to inquire directly, it is unlikely that they would have learned of the completed service because the service paperwork had not yet been processed through the litigation channels at the Department of Corrections and Risk Management. (ECF No. 8 at 1.)

Moreover, unlike *Barbera*, there was nothing else filed on the state court docket in this case that should have alerted the removing Defendants to the fact that Defendants Davis and Palmer had been served. As soon as Defendants Jones and Taylor discovered that Defendants Davis and Palmer had been served, they promptly obtained Defendants Davis and Palmer's consent to removal and filed the consents on the docket. (ECF No. 8.) Therefore, the Court concludes that under the facts of this case Defendants Davis and Palmer properly consented to removal.

Nevertheless, while removal was proper the Court should, nonetheless, exercise its discretion and remand this action to state court because Plaintiff has abandoned all of his federal claims in his Amended Complaint.

## III. RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's Second Motion to Remand to State Court, ECF No. 21, Plaintiff's Third Motion to Remand, ECF No. 27, and Plaintiff's Motion for Reconsideration, ECF No. 28, should be **GRANTED** and the Clerk should be instructed to mail a certified copy of the order of remand to the Clerk of the Circuit Court of the Second Judicial Circuit, in and for Leon County, Florida.

**IN CHAMBERS,** at Gainesville, Florida this 3rd day of November, 2015.

s/Gary R. Jones
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**